# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENESEEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANDRE PARKER | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    CASE NO. |
| | ) |
| DAVIDSON TRANSIT ORGANIZATION | ) |
| d/b/a WEGO PUBLIC TRANSIT | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    NATURE OF THE CASE

1. Plaintiff, Andre Parker ("Plaintiff"), by Counsel, brings this action against Defendant, Davidson Transit Organization d/b/a WeGo Public Transit, ("Defendant") for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et. seq.* and the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

### II.    PARTIES

2. Plaintiff is a resident of Davidson County, Tennessee, who at all relevant times to this action, resided within the geographical boundaries of the Middle District of Tennessee.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of Davidson County and the Middle District of Tennessee.

### III.    JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. §12117 and 29 U.S.C. § 2617 (a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5) and 29 U.S.C. § 2611(4).

6. Plaintiff was an "employee," as that term is defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4) and an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

7. Plaintiff is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2), 12111(8) and/or Defendant knew of Plaintiff's disability and/or Defendant regarded Plaintiff as being disabled.

8. Plaintiff exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission, claiming discrimination based on his disability and sexual orientation. Plaintiff has filed his Complaint within ninety (90) days of receipt of his Notice of Suit Rights.

9. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Middle District of Tennessee, thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Parker, who is a homosexual male, was hired by Defendant on or about May 12, 2018 and worked most recently as an Operations Supervisor. At all relevant times, Parker met or exceeded Defendant's legitimate performance expectations.

11. Several times throughout his employment, Parker's coworkers questioned his sexuality and would show him inappropriate images of women despite knowing that Parker was

openly gay. In or about 2021, Parker reported the harassment to his Manager, Cynthia Whitehead ("Whitehead"), who stated she would address the issue. However, no remedial action was taken and Parker continued to be subjected to sexual harassment.

12. In or about 2022, Parker was diagnosed with chronic kidney disease which limited a major life activity of caring for himself. Defendant was aware of Parker's condition that Parker later took approved FMLA leave for. Parker also suffers from severe allergies which limit a major life activity of breathing.

13. Later in 2022, Parker was sexually harassed by his coworkers again and reported to Whitehead for a second time. No remedial action was taken regarding Parker's complaint.

14. In or about March 2023, Parker suffered from complications of his allergies in which his eyes turned bloodshot red while at work. Parker visited his provider who noted dust and unclean air filters might be aggravating his condition. As such, Parker requested to drive company vehicles with updated air filters to mitigate his allergies and breathe better.

15. Whitehead agreed and told Parker it was ok for Parker to not drive the vehicles. However, this changed when Anthony Jones ("Jones") became Parker's Manager. Jones maintained that Parker had to drive the company's vehicles as is, despite Parker's request for accommodation.

16. In or about July 2023, Parker reported another instance of sexual harassment, this time to Jones. Parker also asked Jones why Parker's reports were treated differently than his peers and why nothing was ever done about the sexual harassment. Jones stated "because you're not a female". Jones further engaged in unwanted physical contact with Parker by hugging him and touching his shoulders, stating, "you're a male supervisor, so you can't do anything for me", referring to sexual favors.

3

17. In or around December 2023, Parker reported continuous verbal harassment and threats from a passenger. Said passenger called into customer service and complained about "AJ's tight pants wearing" and stated "I will be back up there". Whitehead and Jones were notified of the passenger's complaint and threats but took no remedial actions. Instead, Parker was ridiculed and questioned about what he did to invoke the response from the passenger. The passenger continued to regularly ride on Parker's route after Parker's complaint and Parker was not permitted to transfer. Upon information and belief, female employees were permitted shift changes or transfers due to issues with passengers.

18. In or about late 2023, Parker struggled to sleep and began a medication trial to confirm his diagnosis of PTSD.

19. On or about August 5, 2024, Parker went on approved vacation until August 10, 2024, but a miscommunication occurred with his time off request. While on vacation, Parker emailed Jones to make sure there were no pressing issues with his vacation time. Jones assured Parker that there were no urgent problems and that the calendar would be updated.

20. On or about September 14, 2024, Parker was officially diagnosed with PTSD regarding severe traumatic incidents he encountered while employed with Defendant.

21. Following, on or about October 28, 2024, Jones terminated Parker for alleged "time falsification" regarding Parker's past vacation time. Similarly situated employees outside of Parker's protected classes have engaged in similar or worse conduct and were not terminated.

22. For example, Supervisor, Deirdre Curtis ("Curtis") was not terminated for failing a drug test nor was Supervisor, Quen Keys ("Keys") terminated after bringing a firearm into Defendant's premises. Curtis and Keys are heterosexual women. Additionally, several other supervisors have been involved in physical altercations with passengers and have not been

reprimanded or terminated. Parker further identifies employees such as Peter Wiggins who put a passenger in a chokehold and failed a drug test; Byron Brant who had three physical incidents with passengers and Stephanie LNU who pulled a pocketknife out on a passenger. Jones also had a physical altercation with a passenger and the passenger was banned.

23. Parker also identifies other Supervisors who regularly committed time theft. Emanual Edwards, Tshombe Willaims and Jockquise Louis would leave early while clocked in, and Gamarr Jordan would sleep in company vehicles while clocked in. Lastly, Kimberly Lunsford backed up the department's reports while working from home, when she took four hours to do one report instead of an hour.

24. Parker continues to suffer damages and Defendant's reason for Parker's termination is pretext for discrimination and retaliation.

## V. CAUSES OF ACTION

### COUNT I: ADA – DISABILITY DISCRIMINATION & FAILURE TO ACCOMMODATE

25. Parker hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26. Defendant discriminated against Parker on the basis of his disability by subjecting him to disparate treatment and failing to engage in the interactive process.

27. Defendant discriminated against Parker on the basis of his disability by terminating his employment.

28. Defendant's actions were intentional, willful and in reckless disregard of Parker's rights as protected by the ADA.

29. Parker has suffered damages as a result of Defendant's actions.

### COUNT II: TITLE VII- SEXUAL ORIENTATION & GENDER DISCRIMINATION

30. Parker hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint.

31. Parker is a homosexual male.

32. Defendant discriminated against Parker by subjecting him to disparate treatment, terms of employment, and severe harassment on the basis of his sexual orientation and gender.

33. Defendant discriminated against Parker by terminating his employment.

34. Defendant's actions were intentional, willful, and in reckless disregard of Parker's rights as protected by Title VII.

35. Parker has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII- RETALIATION

36. Parker hereby incorporates paragraphs one (1) through thirty-five (35) of his Complaint.

37. Parker engaged in protected activity when he complained of multiple incidents of sexual harassment from coworkers and unwanted physical touch from a manager.

38. Defendant took no remedial action and retaliated against Parker by terminating his employment shortly after he complained.

39. Defendant's actions were intentional, willful, and taken in reckless disregard of Parker's rights as protected by Title VII.

40. Parker has suffered damages as a result of Defendant's unlawful actions.

## COUNT V: FMLA RETALIATION

41. Parker hereby incorporates paragraphs one (1) through forty (40) of his Complaint.

42. Parker engaged in protected activity by utilizing protected leave under the FMLA.

43. Defendant retaliated against Parker for exercising his rights under the FMLA by terminating his employment shortly after his return from medical leave.

44. Defendant's actions were intentional, willful, and taken in reckless disregard of Parker's rights as protected by the FMLA.

45. Parker has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Andre Parker, respectfully requests that the Court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their disability;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Compensatory damages for violations of the ADA;

6. Punitive damages for violations of ADA;

7. Liquidated damages for Defendant's violations of the FMLA;

8. All costs and attorney's fees incurred as a result of bringing this action;

9. Pre- and post-judgment interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ *Rachel Ringer*
Rachel Ringer, Attorney No. 041951
Kyle Biesecker, Attorney No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 783-2171
Email: rringer@bdlegal.com
         kfb@bdlegal.com

*Counsel for Plaintiff, Andre Parker*

## DEMAND FOR JURY TRIAL

Plaintiff, Andre Parker, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ *Rachel Ringer*
Rachel Ringer, Attorney No. 041951
Kyle Biesecker, Attorney No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 783-2171
Email: rringer@bdlegal.com
         kfb@bdlegal.com

*Counsel for Plaintiff, Andre Parker*